UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| TAMARA SKEWES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:05CV01047 ERW |
| | ) | |
| MASTERCHEM INDUSTRIES, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This matter comes before the Court upon Defendant Masterchem Industries LLC's Motion to Dismiss [doc. #10]. At Plaintiff's request, a hearing on this matter was held on November 22, 2005, and the Court heard arguments from the parties at that time.

## I. BACKGROUND FACTS[1]

Plaintiff Tamara Skewes ("Plaintiff") is a resident of Vancouver, British Columbia, Canada, and Defendant Masterchem Industries, LLC ("Defendant") is a Missouri corporation with offices in Jefferson County, Missouri. Defendant is the manufacturer and distributor of a product known as "Kilz," a paint primer. On September 6, 2001, Plaintiff was applying the Kilz product in preparation for painting a basement in a rental home located in British Columbia, Canada. While she was using the product, vapors from the product were ignited and the bottle of Kilz she was holding exploded. As a result, Plaintiff sustained injuries to her head, neck, nose, nasal cavities, spine, arms, legs, and back. Plaintiff brought suit against Defendant in the Circuit Court of Jefferson County, Missouri.

---

[1]The Court's recitation of facts is taken from the Complaint. When deciding a motion to dismiss under Rule 12(b)(6), the Court takes all material facts alleged in the Complaint as true. *Davis v. Monroe City Bd. of Educ.*, 526 U.S. 629, 633 (1999).

1

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

The Circuit Court dismissed Plaintiff's Petition on forum non conveniens grounds. Plaintiff appealed the Circuit Court's dismissal to the Missouri Court of Appeals for the Eastern District, and the Court of Appeals unanimously affirmed the trial court's dismissal. *Skewes v. Masterchem Industries, Inc.*, 164 S.W.3d 92 (Mo. Ct. App. 2005). On July 5, 2005, Plaintiff filed identical claims in this Court.[2]

## II. MOTION TO DISMISS STANDARD

The standards governing motions to dismiss are well-settled. A complaint shall not be dismissed for its failure to state a claim upon which relief can be granted unless it appears beyond a reasonable doubt that the plaintiff can prove no set of facts in support of a claim entitling him or her to relief. *Breedlove v. Earthgrains Banking,* 140 F.3d 797, 799 (8th Cir. 1998)(citing *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). When deciding a motion to dismiss under Rule 12(b)(6), the Court must assume that all material facts alleged in the complaint are true. *Davis v. Monroe City Bd. of Educ.*, 526 U.S. 629, 633 (1999). The court must view all facts and inferences in the light most favorable to the non-moving party and "may dismiss the complaint only if it is clear that no relief can be granted under any set of facts that could be proved consistent with the complaint." *McMorrow v. Little*, 109 F.3d 432, 434 (8th Cir. 1997); *Stone Motor Co. v. Gen. Motors Corp.*, 293 F.3d 456, 464 (8th Cir. 2002). Thus, as a practical matter, a dismissal under Rule 12(b)(6) should be granted "only in the unusual case in which a plaintiff includes allegations that show, on the face of the complaint, that there is some insuperable bar to relief." *Strand v. Diversified Collection Serv., Inc.*, 380 F.3d 316, 317 (8th Cir. 2004). The issue on a motion to dismiss is not whether the plaintiff will ultimately prevail, but whether the plaintiff is entitled to present evidence in support of his or her

---

[2]It appears that Plaintiff has filed in this Court an exact copy of the Petition she previously filed in the Jefferson County Circuit Court.

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

claim. *Schuer v. Rhodes*, 416 U.S. 232, 236 (1976).

## III. DISCUSSION

In its Motion to Dismiss, Defendant argues that this action should be dismissed because this precise controversy has already been litigated and decided in state court. Defendant alternatively argues that the Petition should be dismissed on forum non conveniens grounds. Plaintiff contends that this Court is not bound by the state court's decision and argues that this Court should adjudicate this case.

The issue to be determined is whether the Missouri state court's prior forum non conveniens dismissal has preclusive effect under the circumstances of this case. In *Mizokami Brothers of Arizona, Inc. v. Mobay Chemical Corporation*, 660 F.2d 712 (8th Cir. 1981), the Eighth Circuit addressed the question presented here. In *Mizokami*, the plaintiff initially brought suit against the defendant and others in a federal court in Arizona for damages it suffered when a shipment of its Mexican-grown bell peppers was impounded by agents of the Food and Drug Administration in Arizona. The Arizona court subsequently dismissed the suit against the defendant on the basis of forum non conveniens, and the dismissal was affirmed by the Ninth Circuit. *Mizokami*, 660 F.2d at 714-15. Then, the plaintiff brought suit against the defendant in a federal court in Missouri, which subsequently determined that the suit was barred by principles of res judicata. *Id.* In reversing the district court's determination that the Arizona court's dismissal precluded further litigation on the issue of the proper forum for the dispute, the Eighth Circuit found that the prior forum non conveniens dismissal precluded relitigation only of those issues actually litigated and necessary to the prior court's decision. *Id.* at 716. Importantly, the "controlling inquiry" was whether the question presented to the Missouri district court was the same matter previously at issue and determined by

3

the Arizona court. *Id.* The Eighth Circuit agreed with the plaintiff that the convenience of Missouri as compared with that of Mexico had not been decided by the Arizona court and that the prior dismissal was conclusive only as to the availability of an Arizona forum. *Id.* at 716. Thus, a prior forum non conveniens dismissal will preclude relitigation of those issues of fact and law actually litigated and necessary to the prior dismissal decision, but will not preclude litigation of issues not considered by the prior court. For this reason, preclusion is applicable where a second court is asked to apply the same objective criteria and the same material facts as those considered by the first court in its forum non conveniens analysis. *Compare, e.g.*, *Pastewka v. Texaco, Inc.*, 565 F.2d 851, 854 (3d Cir. 1977) (because there existed identical objective criteria and identical material facts underlying the application of those criteria, party cannot relitigate forum non conveniens determination) *and Chazen v. Deloitte & Touche, LLP*, 247 F.Supp.2d 1259, 1263-64 (N.D. Ala. 2003) (where party litigated issue of forum non conveniens in Alabama state court, state court decided the issue as a necessary part of its order, and state court decision involved same objective criteria and material facts as the current court would use in making a forum non conveniens determination, party precluded from relitigating forum non conveniens determination) *with Parsons v. Chesapeake & Ohio Ry. Co.*, 375 U.S. 71, 73 (1963) (finding res judicata inapplicable because facts to be considered by the two courts differed; holding prior state court dismissal on forum non conveniens grounds could not serve to divest district court of discretionary power to rule upon a § 1404 motion to transfer).

Here, the Missouri state court explicitly considered and decided the convenience of Missouri as compared with Canada. Plaintiff does not argue that the issue of Missouri as an appropriate forum for this litigation was not decided by the Missouri state court or that the issue was not necessary to the Missouri state court's dismissal decision. Further, Plaintiff does not claim that the objective

4

criteria used by the Missouri state court differ in any way from the objective criteria this Court would use to make the forum non conveniens determination. Moreover, Plaintiff does not argue that the material facts presented to the Missouri state court in the course of its forum non conveniens determination differ in any way from the material facts presented to this Court. Finally, Plaintiff presents no authority in support of her proposition that the Missouri state court's decision does not preclude her from filing her Complaint in this Court. The Court has examined the objective criteria that were applied in deciding the forum non conveniens question and the material facts underlying the application of those criteria. The objective legal criteria and the underlying material facts in the prior state and current federal cases are identical.[3] The Missouri state court specifically found that Canada was a more convenient forum than Missouri. Plaintiff has already had the opportunity to litigate the issue of whether Canada is a more convenient forum than Missouri, and the issue has been decided in favor of Defendant. The Missouri state court's forum non conveniens dismissal precludes relitigation of the same forum non conveniens issue in this Court, and Plaintiff's Complaint will be dismissed on that basis.[4]

---

[3]The forum non conveniens criteria applied by the Missouri state court are the same as the federal criteria. *See Mizokami*, 660 F.2d at 719 n.10.

[4]Even if Plaintiff's Complaint was not barred by operation of preclusion, her claims would nonetheless be dismissed on forum non conveniens grounds. The choice made by Plaintiff, as a foreign plaintiff seeking a United States forum, is entitled to less deference than that of a United States citizen. *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 256 (1981). As the Missouri state court explained, the forum non conveniens factors weigh in favor of dismissal. First, as explained by the affidavit of Bruce Butler, an experienced Canadian attorney, a cause of action for negligence lies in Canada for disputes such as this. Def.'s Ex. 2, Butler Affidavit. Moreover, Masterchem has consented to Canadian jurisdiction for purposes of this case. Thus, Canada provides an adequate alternative forum for resolving this dispute. Second, private and public interest factors indicate that Canada is the more convenient forum with the greater interest in the underlying dispute. The accident scene is in Canada; the investigation and medical treatment took place in Canada; the product was purchased and used in Canada; witnesses are located in Canada;

5

In its Motion, Defendant suggests that the Court should award it its costs and attorneys' fees expended in this matter. Defendant does not cite to any authority in support of its proposition that the Court can award it the costs and fees it requests on the basis of the information currently before the Court. Therefore, no costs or fees will be awarded at this time, but Defendant can present its request at a later time by means of a separate motion if it so chooses.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Masterchem Industries LLC's Motion to Dismiss [doc. #10] is **GRANTED**.

An appropriate Order of Judgment shall accompany this Order.

Dated this <u>23rd</u> day of December, 2005.

_____
E. RICHARD WEBBER
UNITED STATES DISTRICT JUDGE

and Masterchem has stipulated that it will satisfy any judgments awarded in Canadian courts after exhausting its available appellate remedies. Further, it is clear that the citizens of the Eastern District of Missouri have little interest in hearing a dispute involving a Canadian citizen's accident in a Canadian home while doing work for a Canadian company and using a product purchased and used in Canada. Instead, Canada has a greater interest in adjudicating this dispute.

PDF created with FinePrint pdfFactory trial version www.pdffactory.com